By’ the Court, Cowen, J.
Clearly, the regular course for Mason was to have set off the note he obtained of Thomas against the cross-suit of Knowlson. This he might have done, notwithstanding his own action; and then his right to set off would have been tried in the proper place} by a jury, or by the referees. The verdict he obtained operated but as a liquidation oi7 the amount; and w-ould have been evidence under a plea or notice proposing to set off the note. (Baskerville v. Brown, 2 Burr. 1229.) The whole case might then have been heard through witnesses on the stand. If the assignees of Knowlson had discontinued or refused to proceed to a trial or hearing, still the right to set off in some form, if there existed any originally, might have been kept unimpaired. It was impossible for the assignees to avoid being met with it on bringing their claim to a trial, had Mason insisted upon it. Instead pf doing so, knowing that W. Knowlson disclaimed all interest in it, that the shit was by the assignees, as the real parties, that they repudiated the proposition to set off, and insisted on direct payment of the whole, (thus intimating a desire to try whether the note was really his, or interposed merely for the benefit of Thomas,) he perfected his own1 judgment, leaving the assignees to do the same thing with theirs. I will 'not say this is an estoppel; but it certainly shows very little hope of being able to make out a set off by such evidence as would have been competent upon a trial. I find
*221 it entirely settled, that if this demand of Thomas was holden by Mason, to be set off for the benefit of Thomas, by arrangement between them, the latter must be regarded as the real owner; and the demand could not have been, nor can it now be set off; at least, not as against Wm. Knowlson’s assignees. (Fair v. M’Iver, 16 East, 130. Satterlee v. Ten Eyck, 7 Cowen, 480. 2 R. S. 278, 2d ed., § 32, sub. 7, 8)(a) There seems to have been a constant struggle, from the time when Mason obtained the note, to induce a voluntary set off by W. Knowlson and his assignees. Mason looked upon a set off as his only mode of obtaining payment; yet he submits to a report against him, knowing that W. Knowlson’s assignees were the real parties to the suit, claiming in defiance of the set off. Such a circumstance leads the mind Very strongly to infer a collusive arrangement; and would seem to call for, at least, a very clear case, to overcome the inference. But without showing any satisfactory reason why he omitted to try his- right, at the proper time, Mason comes, on his own affidavit, stating generally, that he was the owner of the note, from the 15th of June, 1838, Thomas swearing that he then bona fide and absolutely transferred it, for a good and valuable consideration. Neither of them specifically deny, that it was taken to be set off for Thomas; neither state what the consideration was, in kind or amount; nor whether any was paid; nor if any, whether, oil failure to set off, Thomas was to refund. On the contrary, there is evidence of Mason’s declarations, tending to show that he had become a nominal holder, for the benefit of Thomas. As the case stands, neither, would have been competent witnesses; but I doubt whether the claim would have availed against a cross-examination of Thomas before a jury, even on his being released, and made technically admissible; though I am inclined to think I should have awarded an issue, had not the plaintiff passed by' the forum where alone any thing like a satisfactory examination of Thomas or other wit *222 nesses could be had. As the case stands, on the evidence, I think it too strong against Mason to warrant my interposing at all.
I put the case on the evidence. I do not mean to say, that we will not set off a judgment on motion, merely because the subject of the judgment, or the judgment itself, might have been set off on a trial, though there are dicta in Philipson v. Caldwell, (6 Taunt. 176,) which look that way. It is always right that compensation should be made by a set off; and where there is no previous dispute that the claims are in right of the parties, or no notice of any such dispute, the set off mayas well be made on motion, as in any other way; and the books on set off say it may. (Montagu on Set Off, 10. Babingt. on Set Off, 104.) But the 2 R. S. 278, 2d ed., § 32, sub. 7, 8, as well as decisions in this court before the statute, recognize an assignment, and take away all right to set off a debt of the assignor against the assignee, unless the defendant acquired it bona fide, before notice of the assignment. If he did, he may then set off by notice or plea. The assignee becomes a real party, known as such to the law ; and Mason, in the present instance, having notice of the assignment, and that his right of set off was denied, wilfully refusing to try the question in the proper place, but going on himself to judgment, and then coming here on affidavits unsatisfactory in themselves, and made still weaker by opposing proofs, presents a case, on which I think it safe to say, he is not entitled to relief, or any farther opportunity to try his right.
Motion denied.

fa) See Barbour's Law of Set Off, 37, 8.